UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:04CV-679-H

AFSHIN SAZEGARI                                                                                    PLAINTIFF

V.

GEICO GENERAL INSURANCE COMPANY                                                DEFENDANT

**MEMORANDUM OPINION AND ORDER**

On the morning of October 12, 2001, two of Afshin Sazegari's ("Plaintiff") automobiles were damaged during a heavy rain storm. Plaintiff filed a claim with his insurance carrier, Geico General Insurance Company ("Geico") to recover the property damage. Due to questions concerning the alleged cause and amount of the loss, Geico denied the claim. From that denial have arisen several lawsuits, including this one.

In the first action, Plaintiff asserted both breach of contract and bad faith in state court. Geico removed that case to federal court and then sought to bifurcate the two claims. That motion was held in abeyance while the parties discussed settlement. Eventually, the parties tendered an agreed order dismissing the bad faith claim and then requested that the remaining contract claim be remanded to state court. This Court entered the tendered order and the breach of contract claim proceeded in state court. On October 15, 2003, Plaintiff prevailed by jury verdict for the full amount of its original claim. Eleven and a half months later Plaintiff again filed suit in Jefferson Circuit Court against Geico, alleging violations of the Kentucky Unfair Claims Settlement Practices Act, the Kentucky Consumer Protection Act, and the tort of bad

faith. Once again, Geico removed to federal court.

Geico has now filed the currently pending motion for summary judgment on the basis of claim preclusion, arguing that the present bad faith claims[1] are precluded by the earlier agreed dismissal. Geico argues that the present bad faith claim stems from the same factual transaction as the earlier breach of contract claim and that, therefore, Plaintiff was required to litigate that claim in the earlier proceeding. The dismissal of the bad faith claims and the final adjudication of the first state case, Geico argues, bars Plaintiff from asserting the bad faith claim now under the doctrine of claim preclusion. Based upon the analysis that follows, however, the Court ultimately concludes that claim preclusion is not proper grounds for dismissal in these particular circumstances.

## I.

Claim preclusion is an important part of the larger doctrine of *res judicata*. The doctrine of *res judicata* provides that a final judgment on the merits of an action precludes the parties from relitigating issues that were or could have been raised in the prior action. *Smith v. Bob Smith Chevrolet, Inc.*, 275 F.Supp.2d 808, 813 (W.D. Ky. 2003) (citing *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir.1995)). The concept of claim preclusion requires parties to litigate "every point which properly belonged to the subject of litigation, and which the parties, exercising reasonable diligence, might have brought forward at the time." *Arnold v. K-Mart Corp.*, 747 S.W.2d 130, 132 (Ky. App. 1988) (quoting *Combs v. Prestonburg Water Co.*, 84 S.W.2d 15 (Ky. 1935)). The rule exists to "relieve parties of the cost and vexation of multiple

---

[1] Although Plaintiff cites several sources of relief – the Kentucky Unfair Claims Settlement Practices Act, the Kentucky Consumer Protection Act, and the tort of bad faith – the parties refer to his claim, collectively, as "bad faith."

2

lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." *Allen v. McCurry,* 449 U.S. 90, 94 (1980).

This Court must apply state law to analyze the potential preclusive effect of a prior state court judgment. *Smith*, 275 F. Supp. 2d at 813 n.1 (citing 18 U.S.C. 1738). Kentucky has articulated three requirements for application of claim preclusion:

> First, there must be identity of the parties. Second, there must be identity of the two causes of action. Third, the action must be decided on its merits. In short, the rule of res judicata does not act as a bar if there are different issues or the questions of law presented are different.

*Id.* at 813 (citations and internal quotations omitted). The first and third requirements are undisputed here. As to the second requirement for claim preclusion, the Court must determine whether the prior breach of contract claim and the present bad faith are sufficiently identical to be considered the same cause of action. If two claims stem from the same factual transaction, they may not be split into separate actions.

Kentucky follows the Restatement's transactional approach to determine whether two claims share the same identity. *Id.* This approach "looks beyond the legal theories asserted to see if the two claims stem from the same underlying factual circumstances." *Id.* (citing *Harris v. Ashley*, No. 97-5961, 1998 WL 681219 (6th Cir. Sept. 14, 1998)). In making this assessment, the Court should view each claim

> in factual terms and to make it conterminous with the transaction regardless of the number of substantive theories, or variant forms of relief flowing from those theories, that may be available . . . and regardless of the variations in the evidence needed to support the theories or rights. The transaction is the basis of the litigative unit or entity which may not be split.

*Dennis v. Fiscal Court of Bullitt County*, 784 S.W.2d 608, 610 (Ky. App. 1990) (quoting *Restatement (Second) of Judgments* § 24). While the rule generally precludes splitting claims

from the same transaction, it does not preclude subsequent litigation of either (1) claims that have not yet ripened, or (2) claims that are "not germane to, implied in, or essentially connected with" each other, even if they might have been brought together. *Smith*, 275 F. Supp. 2d at 814.

A majority of courts addressing the precise issue here have held that a breach of contract claim against an insurer and a bad faith claim arise from the same facts. Therefore, to bring a breach of contract claim would preclude a later bad faith claim against the insurer arising out of the same transaction. *Porn v. National Grange Mut. Ins. Co.*, 93 F.3d 31, 35 n. 3 (1st Cir. 1996) (collecting cases); *Hamilton v. State Farm Fire & Casualty Co.*, No. 96-4141, 1997 WL 664772 (6th Cir. Oct. 23, 1997). The issue is not strictly a legal one, however. Kentucky courts would examine the factual nature of each claim asserted in order to determine whether the claims must be raised in the same action. The term "bad faith," used in reference to an insurer's conduct, encompasses a number of discrete legal theories in Kentucky. Some of these theories would implicate nearly identical issues as a breach of contract claim; others would implicate entirely different issues.[2] In a given case, a bad faith claim may or may not be "germane to, implied in, or essentially connected with" a breach of contract claim arising out of the same general transaction. *Smith*, 275 F. Supp. 2d at 814.

Here, Plaintiff argued that Geico breached the insurance contract by denying his claim, then failing to pay a satisfactory amount. These facts also serve as the essential basis for the bad faith claim. The claims certainly arise from the same transaction and involve significant factual

---

[2] As noted above, the parties use the term "bad faith" to encompass Plaintiff's claims under the Kentucky Unfair Claims Settlement Practices Act (KUCSPA), the Kentucky Consumer Protection Act (KCPA), and the tort of bad faith. KUCSPA prohibits a wide variety of insurer misconduct, some of which has nothing to do with a decision to deny a claim or to pay a low amount. KRS 304.12-230 (setting forth fifteen specific bases for violating the Act). Further, as a broad prohibition against unfair trade practices, the KCPA could likewise prohibit bad faith conduct bearing no factual resemblance to the facts underpinning a breach of contract claim.

overlap. This case differs from cases in which one underlying transaction contains discrete factual events giving rise to independent legal claims. *See, e.g., id.* Rather, proof of either claim here would require examining the policy at issue, the nature of the damage incurred, and the amount of payment offered. The two claims seem germane to or essentially connected with each other.

Therefore, a pure claim preclusion analysis would bar Plaintiff from asserting the bad faith claim now. Because of the unique procedural background of the case, however, this conclusion does not resolve Geico's motion.

## II.

This case has an unusual twist. Plaintiff has not absolutely failed to raise a claim as part of his original lawsuit. Plaintiff actually did assert the bad faith claim in the prior action. The parties then agreed to dismiss that claim in order to litigate the case in state court. This sequence of events suggests that the claims may not have been split so as to impute preclusive effect to the prior action. This Court must predict how Kentucky courts would rule under these circumstances.

The Restatement has discussed those circumstances in which parties may circumvent the doctrine of claim preclusion by agreeing to the split claims. *Restatement (Second) of Judgments* § 26(1)(a). In effect, this amounts to an exception to the claim preclusion rule. This exception applies where "[t]he parties have agreed in terms or in effect that the plaintiff may split his claim, or the defendant has acquiesced therein . . .." *Restatement (Second) of Judgments* § 26(1)(a). Comment (a) to Section 26(1)(a) of the Restatement explains at length why the exception does not offend the purposes of the general rule:

5

>(a) *Consent to or acquiescence in splitting (Subsection (1)(a))*. A main purpose of the general rule stated in § 24 is to protect the defendant from being harassed by repetitive actions based on the same claim. The rule is thus not applicable where the defendant consents, in express words or otherwise, to the splitting of the claim. The parties to a pending action may agree that some part of the claim shall be withdrawn from the action with the understanding that the plaintiff shall not be precluded from subsequently maintaining an action based upon it. The agreement will normally be given effect. Or there may be an effective agreement, before an action is commenced, to litigate a part of a claim in that action but to reserve the rest of the claim for another action. So also the parties may enter into an agreement, not directed to a particular contemplated action, which may have the effect of preserving a claim that might otherwise be superseded by a judgment, for example, a clause included routinely in separation agreements between husband and wife providing that the terms of the separation agreement shall not be invalidated or otherwise affected by a judgment of divorce and that those terms shall survive such a judgment. Where the plaintiff is simultaneously maintaining separate actions based upon parts of the same claim, and in neither action does the defendant make the objection that another action is pending based on the same claim, judgment in one of the actions does not preclude the plaintiff from proceeding and obtaining judgment in the other action. The failure of the defendant to object to the splitting of the plaintiff's claim is effective as an acquiescence in the splitting of the claim.

It makes common sense that claim preclusion not apply in such circumstances. This Court believes that Kentucky courts would likely follow the rationale of these comments.

Several courts have discussed and applied the consent exception. For example, in *Bankruptcy Estate of Lake Geneva Sugar Shack, Inc. v. General Star Indem. Co.*, 200 F.3d 479, 485 (7th Cir. 2000), the Seventh Circuit undertook a similar inquiry as to Wisconsin law. Wisconsin courts also follow the transactional approach to resolve the identity of claims. The Circuit adopted the Restatement comment for the proposition that where one acquiesces in the splitting of a claim, claim preclusion does not apply. The Court must look at the facts here to

determine whether the same result obtains.

In our case, the parties tendered an agreed order dismissing the bad faith claim. The order does not indicate whether the claim was dismissed with or without prejudice. The Court must consider what the parties intended by this agreement. Rule 41 provides that unless otherwise indicated a voluntary dismissal of a claim is without prejudice. Fed. R. Civ. P. 41. One must assume that the parties understood and intended the application of this clear rule. Under these circumstances, Plaintiff was free to reassert his bad faith claim in a later proceeding. At the very least, one must concede that Geico allowed Plaintiff the opportunity to do so. By agreeing to the dismissal without prejudice, the Court concludes, Geico certainly acquiesced to split the two causes of action.

To apply the Restatement's exception here does not offend the underlying purposes of claim preclusion. The concern of subjecting a party to burdensome multiple lawsuits does not exist where, as here, the party consents to multiple lawsuits. Further, separate proceedings will not unduly waste judicial resources. The claims would likely have proceeded separately anyway. Actions against an insurer for breach of contract and bad faith are often bifurcated. *See, e.g., Wittmer v. Jones*, 864 S.W.2d 885 (Ky. 1993). Indeed, Geico had requested bifurcation in the underlying action here. Under these particular circumstances, the Court concludes that Kentucky courts would not apply claim preclusion.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that the motion for summary judgment filed by Geico General Insurance Company is DENIED.

cc:     Counsel of Record